UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| MĀUI AND HECTOR'S DOLPHIN DEFENDERS NZ INC., <br><br>    *Plaintiff,*<br><br> v.<br><br>NATIONAL MARINE FISHERIES SERVICE, et al.,<br><br>    *Defendants,*<br><br>GOVERNMENT OF NEW ZEALAND,<br><br>    *Intervenor-Defendant.* | Case No. 1:24-cv-00218-JCG <br><br> Before: Judge Jennifer Choe-Groves |

**PLAINTIFF'S OPPOSITION TO THE GOVERNMENT OF NEW ZEALAND'S MOTION FOR LEAVE TO EXCEED THE WORD COUNT LIMITATION FOR ITS RESPONSE BRIEF**

 Plaintiff Māui and Hector's Dolphin Defenders opposes the Government of New Zealand's "partial consent" motion to exceed the word count limitation for its response brief. Despite having several weeks to request a word limit extension, New Zealand waited until the last minute when its brief was due to file the motion. New Zealand's counsel only attempted to contact one of Plaintiff's counsel, Natalie Barefoot, via email at 11:58 A.M. Eastern on May 27, 2025. New Zealand's counsel made no attempt to contact Ms. Barefoot by phone before filing the motion just over an hour later. And they made no attempt to contact Plaintiff's other four counsel of record by any means, instead simply representing that Ms. Barefoot was unavailable.

 New Zealand's request would prejudice Plaintiff. As it is, Plaintiff only has a word limit of 7,000 words for its reply to respond to the 28,000 combined words allowed for the National Marine Fisheries Service's and New Zealand's response briefs. Granting New Zealand 3,000

1

additional words would expand that disparity and make it more difficult for Plaintiff to address all the arguments from the Defendants. Further, Plaintiff has only 14 days to draft and file its reply brief under the current schedule. New Zealand's request for additional pages would increase the burden on Plaintiff to respond in that short timeframe. New Zealand's alternate request to extend its response brief deadline by a day would shorten Plaintiff's opportunity to respond to New Zealand's brief. *Cf.* N.Z. Mot. Intervene 12, ECF No. 16 ("The NZG will observe all deadlines that this Court has established and may in the future establish."). New Zealand's counsel should have been prepared to file a within-length brief today, given the absence of consent from all parties for any extensions.

      Plaintiff opposes New Zealand's motion for the above reasons. If the Court grants New Zealand's request for more words, Plaintiff respectfully asks the Court to grant Plaintiff a comparable extension of the word limit for its reply brief.

Respectfully submitted this 27th day of May, 2025.

                                         */s/ Natalie Barefoot*
Natalie Barefoot
Earthjustice
50 California Street, Suite 500
San Francisco, CA 94111
T (415) 217-2000
nbarefoot@earthjustice.org

Sabrina Devereaux
Christopher Eaton
Earthjustice
810 Third Ave., Suite 610
Seattle, WA 98104
T (206) 343-7340
sdevereaux@earthjustice.org
ceaton@earthjustice.org

*/s/ Brett Sommermeyer*
Brett Sommermeyer
Catherine Pruett
Law of the Wild
7511 Greenwood Avenue North, #4214
Seattle, WA 98103
T (206) 774-0048
brett@lawofthewild.org
catherine@lawofthewild.org

*Attorneys for Plaintiff Māui and Hector's Dolphin Defenders NZ Inc.*

3

## CERTIFICATE OF COMPLIANCE

This document complies with the word count limitations as provided for in the Court's Standard Chambers Procedures 2(B) because it contains 350 words, excluding the parts of the brief exempted by Standard Chambers Procedures 2(B)(1)(c).

                                            */s/ Natalie Barefoot*
                                            Natalie Barefoot