**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| MĀUI AND HECTOR'S DOLPHIN DEFENDERS NZ INC., | |
| *Plaintiff,* | Case No. 1:24-cv-00218-JCG |
| v. | Before: Judge Jennifer Choe-Groves |
| NATIONAL MARINE FISHERIES SERVICE, et al., | |
| *Defendants,* | |
| GOVERNMENT OF NEW ZEALAND, | |
| *Intervenor-Defendant.* | |

**PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT**

## INTRODUCTION

Plaintiff Māui and Hector's Dolphin Defenders NZ Inc. (MHDD) asks this Court under Rule 59(e) or, in the alternative, Rule 54(b) to alter or amend its August 26, 2025 Opinion and Order (Order) to compel Federal Defendants to implement a ban on the importation of seafood caught by New Zealand's West Coast North Island set-net and trawl fisheries. The Court held unlawful and vacated the National Marine Fisheries Service's (NMFS) 2024 Comparability Finding for the fisheries. While the Court did not order Federal Defendants to implement an import ban at the time, it stated that "implementation of an import ban going forward" may be merited "if the agency continues to rely on an arbitrary and unlawful Decision Memorandum." Order & Op. 41, ECF. No. 41. That is what is happening.

Just days after this Court's ruling, NMFS released a new comparability finding (2025 Comparability Finding) for the New Zealand fisheries that is nearly identical in substance to the one this Court held unlawful. The new finding certainly does not address any of the Court's rulings. It may remain in effect through 2029. Federal Defendants have continued to allow imports from the New Zealand fisheries after the Court vacated the 2024 Comparability Finding and presumably will continue to do so under the fundamentally identical new finding. MHDD and the Māui dolphin accordingly find themselves in the exact situation that this Court contemplated may merit an import ban.

The Marine Mammal Protection Act (MMPA) unambiguously places a nondiscretionary duty on Federal Defendants to ban imports in this scenario. They have not complied with that duty, despite the Court's warning that continued reliance on an unlawful comparability finding would be improper. MHDD accordingly asks the Court to amend its Order to direct Federal Defendants to implement an import ban until such time that NMFS may issue a lawful comparability finding that adequately addresses this Court's August 26 ruling.

1

Counsel has conferred with counsel for all parties regarding this motion. Both the Federal Defendants and the Government of New Zealand oppose this motion.

## BACKGROUND

MHDD brought this action to 1) challenge NMFS's decision to issue the 2024 Comparability Finding for two New Zealand fisheries, NMFS_1224-31 (Decision Memorandum), NMFS_1235-63 (Application Report), and 2) compel the Federal Defendants to implement their nondiscretionary duty under the MMPA's plain text to impose an import ban on the fisheries, *see* Compl. ¶¶ 145-74. On August 26, 2025, this Court granted judgment on the agency record for MHDD on its Administrative Procedure Act (APA) Section 706(2) claims, holding that NMFS's 2024 Comparability Finding was arbitrary and capricious and contrary to law. Order 42. The Court accordingly vacated and remanded the 2024 Comparability Finding to NMFS for reconsideration. *Id.* at 42-43. However, the Court granted judgment for Federal Defendants on MHDD's 706(1) claim to compel agency action, holding that NMFS did not withhold agency action because it had taken action in issuing the 2024 Comparability Finding. *Id.* at 40. Importantly, the Court noted that, given its ruling that the 2024 Comparability Finding is unlawful, it may be necessary to compel action to implement an import ban at some point: "This Court's conclusion that the Decision Memorandum is arbitrary and not in accordance with law may merit the implementation of an import ban going forward, if the agency continues to rely on an arbitrary and unlawful Decision Memorandum that could be regarded as equivalent to denying a comparability finding." *Id.* at 41.

The Court ordered NMFS to file a remand comparability finding on or before November 24, 2025, and an administrative record by December 8, 2025. *Id.* at 42. Comments in opposition to and in support of the remand comparability finding would follow. *Id.*

Three days after the Court entered its Order, NMFS issued comparability finding determinations for approximately 2,500 fisheries from 135 nations that export fish and fish products to the United States. 90 Fed. Reg. 42395 (Sept. 2, 2025). NMFS was required to issue these findings by September 1, to comply with a settlement agreement in a related case. *See* Mot. Stay Proc. 2-3, ECF No. 21. The findings of comparability will be valid until December 31, 2029. 90 Fed. Reg. at 42396. NMFS denied comparability findings for fisheries from 46 nations. *Id.* at 42397-98. But it again issued a finding of comparability for the two New Zealand fisheries at issue in this case.[1] A NMFS spokesperson told a reporter that, "the full set of comparability findings ... was already in the process for publication when we learned of the decision" from this Court.[2]

That presumably is why the 2025 Comparability Finding's rationale for the two West Coast North Island fisheries is nearly identical in substance to that in the 2024 Comparability Finding and does not address the issues from this Court's Order. For example, the 2025 Comparability Finding still does not provide any assessment of the zero mortality rate goal standard and is still based on New Zealand's 2021 application that answered "no" to the question of whether the country has a comparable goal. 2025 Comparability Finding 21-28; *see* Order 12-13. It does not mention or address the negligible impact standard. *See* Order 14-18. It also repeats the same reasoning that this Court found arbitrary and unlawful on the bycatch limit (Fishing Related Mortality Limit), population estimate, monitoring program, and marine

---

[1] NOAA, *Marine Mammal Protection Act Import Provisions Comparability Finding Application Final Report, New Zealand* (2025), https://www.fisheries.noaa.gov/s3/2025-08/New-Zealand-final-2025-508.pdf, attached as Exhibit A.
[2] D. Daniel Cusick, *Court says New Zealand seafood imports defy marine mammal law*, Greenwire (Sept. 8, 2025) (alteration in original), https://subscriber.politicopro.com/article/eenews/2025/09/08/court-says-new-zealand-seafood-imports-defy-marine-mammal-law-00550277, attached as Exhibit B.

mammal stock assessment standards. *Compare* 2025 Comparability Finding, *with* NMFS_1235-63 (2024 Comparability Finding); *see* Order 18-33. And, the 2025 Comparability Finding still fails to address bycatch of several other marine mammal species the two fisheries are known to catch. *See* Order 33-36; *see also* Reply Supp. Pl.'s Mot. Summ. J. 23-26, ECF No. 38.

Counsel for MHDD has been conferring with counsel for Federal Defendants since the new findings were published to ascertain whether NMFS intends to issue another comparability finding that responds to this Court's Order, or if the government intends to rely on the 2025 Comparability Finding to allow imports for the foreseeable future—perhaps through 2029. The government has not taken a position as of this filing.

## ARGUMENT

CIT Rule 59(e) permits the Court to alter or amend a judgment upon motion filed within 30 days after the entry of the judgment "for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." *Agro Dutch Indus. Ltd. v. United States*, 32 C.I.T. 1100, 1103 (2008) (citation omitted), *aff'd*, 589 F.3d 1187 (Fed. Cir. 2009). Grounds for altering or amending a judgment include: 1) an intervening change in the controlling law; 2) the availability of new evidence; 3) the need to correct a clear factual or legal error; or 4) the need to prevent manifest injustice. *Ford Motor Co. v. United States*, 30 C.I.T. 1587, 1588 (2006); *see* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2810.1 (3d ed. 2025).

The Court's denial of MHDD's 706(1) claim is a final judgment under Rule 59(e). *See, e.g.*, *Neighbors Against Bison Slaughter v. Nat'l Park Serv.*, No. 21-35144, 2022 WL 1315302, at *1 (9th Cir. May 3, 2022) (treating district court's denial of APA Section 706(1) claim as final judgment because it "conclusively resolved Plaintiffs' claim to compel agency action by a date certain").

However, if Rule 59(e) does not apply, CIT Rule 54(b) authorizes the Court to "reconsider a prior, non-final decision pursuant to its plenary power." *Beijing Tianhai Indus. Co. v. United States*, 234 F.Supp.3d 1322, 1329 (Ct. Int'l Trade 2017). The Court has discretion to grant a motion pursuant to Rule 54(b) "as justice requires"; that is, when "reconsideration is necessary under the relevant circumstances." *Irwin Indus. Tool Co. v. United States*, 269 F.Supp.3d 1294, 1300-01 (Ct. Int'l Trade 2017), *aff'd*, 920 F.3d 1356 (Fed. Cir. 2019). The circumstances in which modification or revision is appropriate under Rule 54(b) are similar to Rule 59(e): where the movant will suffer "some harm, legal or at least tangible" if the motion is denied, and where the movant can show "extraordinary circumstances," such as "the availability of new evidence, the need to correct a clear factual or legal error, or the need to prevent manifest injustice." *Ereğli Demir Ve Çelik Fabrikalari T.A.Ş. v. U.S. Int'l Trade Comm'n*, 639 F.Supp.3d 1245, 1251-52 (Ct. Int'l Trade 2023) (citations omitted).

Justice requires modifying the Court's August 26 Order to prevent Federal Defendants from continuing to allow imports from the two New Zealand fisheries without a valid comparability finding. The fisheries have been without a valid comparability finding since the Court vacated the 2024 Comparability Finding. Yet the government continues to allow imports from the fisheries. Absent court intervention, NMFS may continue to rely on the new 2025 Comparability Finding to allow imports for the foreseeable future. But that finding is as unlawful and arbitrary as the invalidated 2024 Comparability Finding.

With fewer than 50 mature individuals remaining, the Māui dolphin has no time to lose. NMFS_4041. Set-net and trawl fisheries are contributing to a population decline that is not only in excess of U.S. standards, but that is likely to condemn the Māui dolphin to certain extinction if not stopped. *See* NMFS_1225, NMFS_4359.

The MMPA unambiguously places a nondiscretionary duty on the Secretary of the Treasury to ban imports from fisheries with bycatch in excess of U.S. standards. 16 U.S.C. § 1371(a)(2). Although the Court did not order Federal Defendants to implement that duty in its Order, it explained that it may need to compel an import ban if the government continues to rely on an unlawful comparability finding. Order 41. That time has already come. MHDD accordingly asks the Court to modify its order to compel Federal Defendants to implement an import ban pursuant to APA Section 706(1) to prevent the manifest injustice resulting from the continued allowance of imports that put the Māui dolphin at greater risk of extinction.

I.    **The Court Should Compel an Import Ban to Prevent Manifest Injustice, Given Recent Developments.**

The Court held that the 2024 Comparability Finding is invalid and vacated it. The MMPA and its implementing regulations require an import ban whenever there is not a valid comparability finding in place. The government did not impose such a ban following the vacatur of the 2024 Comparability Finding. While MHDD relied on the government to take appropriate action in response to the Court's ruling, it has not. This situation is "fundamentally unfair in light of governing law" and causes "clear and certain prejudice" to MHDD and the marine mammals they seek to protect. *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (citation omitted); *see also Sharpe-Miller v. Walmart, Inc.*, No. 22-cv-00406, 2024 WL 983754, at *5 (D.N.M. Mar. 7, 2024); *U.S. Commodity Futures Trading Comm'n v. Gramalegui*, No. 15-cv-02313, 2018 WL 11376451, at *1 (D. Colo. Dec. 21, 2018).[3] The Court should amend its order to prevent this manifest injustice.

---

[3] "In considering a motion to alter or amend the judgment, made under Rule 59(e) of the Rules of this Court, the court may look for guidance to those cases which have interpreted and applied the corresponding federal rule of civil procedure." *Apple Comput., Inc. v. United States*, 749 F. Supp. 1142, 1144 (Ct. Int'l Trade 1990).

The Court found that NMFS's 2024 analysis was replete with errors that could not be rescued through NMFS's post hoc rationalizations: unaddressed contradictory evidence in the record, failures to address requisite standards and important aspects of the problem, conclusory statements, and insufficient evidentiary support. *See generally* Order. The Court accordingly vacated the 2024 Comparability Finding, remanded to NMFS, and ordered that NMFS issue a new one "for reconsideration and further explanation consistent with [its] Opinion" by November 24, 2025. *Id.* at 42.

Once there was no valid comparability finding in place, Federal Defendants had no alternative under the MMPA but to impose a ban on imports from the two New Zealand fisheries. *See* 50 CFR 216.24(h)(1)(i) (prohibiting imports if there is no valid comparability finding in effect); *see Sea Shepherd N.Z. v. United States*, 606 F.Supp.3d 1286, 1325 (Ct. Int'l Trade 2022) (finding that where a fishery lacks a valid comparability finding, any imports are per se in excess of U.S. standards and require an import ban). While MHDD expected Federal Defendants would comply with this duty, they have not. Likewise, MHDD expected that NMFS would address this Court's merits rulings in the new comparability finding the Court ordered by November 24. Instead NMFS issued the 2025 Comparability Finding that does not address the ruling, without committing to producing a new one that would. Allowing imports based on a rationale for comparability that this Court already held unlawful is manifestly unjust.

Since 2019, Federal Defendants and the Government of New Zealand have had multiple opportunities through petitions, lawsuits, public comments, and comparability findings to demonstrate that marine mammal bycatch in the New Zealand fisheries does not exceed U.S. standards. They have not. And they could not: New Zealand does not employ a regulatory program that is comparable in effectiveness to U.S. standards. The result is that the endangered

Māui dolphin population has continued to decline due in large part to fisheries bycatch—bycatch that is in excess of U.S. standards. *See supra* p. 6.

The persistence of this perilous situation, despite the CIT's rulings, is fundamentally unfair to MHDD and the marine mammal species the MMPA is intended to protect. The situation is especially dire for the Māui dolphin given its critically imperiled status. MHDD and the Māui dolphins this lawsuit seeks to protect are prejudiced each day an import ban is not in place. The single death of a dolphin could be devastating to the population, accelerating its path to extinction. Opp'n Mot. Stay Proc. 7-8, ECF No. 22. The lack of an import ban sanctions and encourages fishing in the Māui dolphin's habitat, putting dolphins at increased risk of capture in deadly fishing gear—even more so now that the peak of the set-net and trawl fishing season is imminent, beginning in October and lasting through March. *Id.* at 10.

Further, Federal Defendants' practice of allowing imports from New Zealand fisheries that lack a valid comparability finding stands in stark contrast to their recent notice of bans on imports from fisheries in 46 nations due to their lack of a comparability finding. 90 Fed. Reg. at 42397-98. The government is giving unfair preferential treatment to the two fisheries that pose one of the greatest extinction risks in the world. The text and purpose of the MMPA do not allow for such disparate treatment.

The Court correctly held that the 2024 Comparability Finding is invalid and contrary to law. Rather than seizing the opportunity to get it right, Federal Defendants have continued the status quo of allowing imports as if the 2024 Comparability Finding remained valid. Court intervention is necessary to prevent this manifest injustice and compel the government to implement an import ban.

**II.     The Court Has the Authority to Compel Federal Defendants to Implement an Import Ban.**

This Court has the authority to compel, and should compel, Federal Defendants to implement an import ban under 5 U.S.C. § 706(1), the MMPA, and as contemplated in this Court's Order for two reasons. First, regardless of NMFS's duties, the MMPA requires the Secretary of the Treasury to implement a ban in this situation. Second, NMFS's continued reliance on an arbitrary and unlawful comparability finding could be regarded as equivalent to denying a comparability finding, in which case it must implement a ban.

As MHDD explained in its summary judgment briefing, APA Section 706(1) directs a court to compel an agency to take "discrete agency action that it is required to take." *Nat. Res. Def. Council, Inc. v. Ross*, 331 F.Supp.3d 1338, 1353 (Ct. Int'l Trade 2018) (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004)); *see* ECF No. 30, at 31-33; ECF No. 38, at 27-30. The MMPA unequivocally requires the Secretary of the Treasury to ban imports if a fishery incidentally catches marine mammals in excess of U.S. standards. 16 U.S.C. § 1371(a)(2). So if a fishery's bycatch is in excess of U.S. standards, then the discrete action by the Secretary of the Treasury is legally required.[4] The regulations unambiguously specify that a fishery's bycatch is in excess of U.S. standards if "a valid comparability finding is not in effect." 50 C.F.R. § 216.24(h)(1)(i). Accordingly, *if* a valid comparability finding is not in effect, *then* a fishery's bycatch is in excess of U.S. standards, *so* the Secretary of the Treasury "shall ban" imports. 16 U.S.C. § 1371(a)(2).

Once this Court vacated the 2024 Comparability Finding, no valid comparability finding was in effect for the two New Zealand fisheries. The Secretary of the Treasury was required to

---

[4] The Homeland Security Act requires the Secretary of Homeland Security to implement any import ban. 6 U.S.C. §§ 203(1), 212(a)(1).

ban imports at that point. Because the Secretary did not, Section 706(1) directs the court to "compel [that] agency action unlawfully withheld." It does not matter that NMFS technically issued a new comparability finding on August 29, because a finding nearly identical in substance to the one this Court found arbitrary and unlawful is not a "valid" finding. *See Sea Shepherd*, 606 F.Supp.3d at 1325 (concluding a comparability finding granted arbitrarily and capriciously is not a valid comparability finding).[5]

Second, while the Court held *NMFS's* actions were governed by Section 706(2) because the agency had taken action in issuing a comparability finding, it noted an import ban may be required "if the agency continues to rely on an arbitrary and unlawful Decision Memorandum that could be regarded as equivalent to denying a comparability finding." Order 40-41. NMFS is continuing to rely on a fundamentally identical unlawful comparability finding, which could be regarded as the equivalent of a denial. It would be appropriate to compel NMFS to take action towards implementing a ban in this case.[6]

The Secretary of the Treasury and Secretary of Homeland Security, as well as NMFS, each has a nondiscretionary duty to ban imports until such time that a *valid* comparability is in

---

[5] Because the Court found the 2024 Comparability Finding arbitrary and capricious, it was invalid from the start. The Secretary of the Treasury has been under a duty to implement an import ban since the now-vacated 2024 Comparability Finding was issued over a year and a half ago.

[6] The Court discussed NMFS's duty to ban imports under 50 C.F.R. § 216.24(h)(9)(i), Order 39-41, which governs a situation when NMFS "has denied or terminated a comparability finding for a fishery," 50 C.F.R. § 216.24(h)(9)(i). Separately, 50 C.F.R. § 216.24(h)(1)(i) operationalizes the statutory language of the MMPA and stipulates that imports "are prohibited" from any "export fishery for which a valid comparability finding is not in effect." This provision on its face would apply to prohibit imports regardless of the reason why a valid comparability finding is not in effect, whether that be because NMFS denied or terminated a finding, a court has vacated a finding, or a nation failed to renew its comparability finding before it expired.

place for the two New Zealand fisheries. They have not executed their duties following the

Court's ruling, so the Court can and should compel them to take the unlawfully withheld action.

## III.    <u>Should Rule 59(e) Not Apply, this Court Should Treat this Motion as a Rule 54(b) Motion.</u>

MHDD's request for an amended judgment is focused on the Court's denial of its APA

Section 706(1) claim. *See* Order 42 (denying Plaintiff's Motion for Judgment upon the Agency

Record "in part"). The Order constitutes a final judgment on that claim, making it subject to CIT

Rule 59(e). *See Neighbors Against Bison Slaughter*, 2022 WL 1315302, at *1. If, however, the

Court determines there is not a final judgment subject to Rule 59(e), it can grant the requested

relief under CIT Rule 54(b). *See NEXTEEL Co. v. United States*, 389 F.Supp.3d 1343, 1347-48

(Ct. Int'l Trade 2019) (transforming motions under CIT Rule 59(a) and 59(e) into Rule 54(b)

motion for reconsideration by the court). Amendment of the Order under Rule 54(b) would be

proper for the same reasons as under Rule 59(e): to prevent the manifest injustice of Federal

Defendants continuing to allow imports based on an unlawful comparability finding. *See supra*

p. 5-8.

## CONCLUSION

For the reasons above, MHDD requests the Court to grant this motion and amend its

Order to compel Federal Defendants to promptly implement a ban on the importation of seafood

caught by New Zealand's West Coast North Island set-net and trawl fisheries.

Respectfully submitted this 25th day of September, 2025.

*/s/ Natalie Barefoot*
Natalie Barefoot
Earthjustice
180 Steuart St. #194330
San Francisco, CA 94105
T (415) 217-2000

nbarefoot@earthjustice.org

Sabrina Devereaux
Earthjustice
810 Third Ave., Suite 610
Seattle, WA 98104
T (206) 343-7340
sdevereaux@earthjustice.org

*/s/ Brett Sommermeyer*
Brett Sommermeyer
Catherine Pruett
Law of the Wild
7511 Greenwood Avenue North, #4214
Seattle, WA 98103
T (206) 774-0048
brett@lawofthewild.org
catherine@lawofthewild.org

*Attorneys for Plaintiff Māui and Hector's Dolphin Defenders NZ Inc.*