IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

|  |  |
|---|---|
| MĀUI AND HECTOR'S DOLPHIN DEFENDERS NZ INC., <br><br> *Plaintiff*, <br><br> v. <br><br> NATIONAL MARINE FISHERIES SERVICE, et al., <br><br> *Defendants*, and <br><br> GOVERNMENT OF NEW ZEALAND, <br><br> *Intervenor-Defendant*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Court No. 24-00218 |

**OPPOSITION OF THE GOVERNMENT OF NEW ZEALAND TO THE PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT**

The Government of New Zealand ("GNZ") opposes the Plaintiff's Motion to Alter or Amend the Judgment ("Motion"). ECF No. 43. Plaintiff first asks the Court to rely upon USCIT Rule 59(e) as the authority for it to reconsider its well-reasoned decision not to immediately impose an import ban on seafood and seafood products imported from the set net and trawl fisheries located off the West Coast of New Zealand's North Island. However, USCIT Rule 59(e) applies only to "Judgments," and the Court has not entered a "Judgment" under the definition of that term in USCIT Rule 54(a) that it could now alter or amend. Moreover, although this Court can reconsider a previous finding under USCIT Rule 54(b), Plaintiff's Motion fails to satisfy the criteria that courts have applied in order to reconsider previous decisions.

1

**A. USCIT Rule 59(e) Does Not Provide a Basis for Consideration of the Plaintiff's Motion to Alter or Amend the Court's Opinion and Order**

Māui and Hector's Dolphin Defenders NZ Inc. ("MHDD") first asks the Court to consider its Motion under USCIT Rule 59(e), which provides that: "A motion to alter or amend a judgment must be served no later than 30 days after the entry of the judgment." Motion at 1, 4-5, 11. However, Rule 54(a) defines a "Judgment" as follows:

> "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings.

This Court has not issued a Judgment, i.e., it has not entered "a decree {or} any order from which an appeal lies." Instead, in its Opinion and Order, the Court remanded the matter to the National Marine Fisheries Service for further proceedings. ECF No. 41. Therefore, an appeal does not yet "lie."

For that reason, in *NEXTEEL Co., Ltd. v. United States*, 389 F. Supp. 3d 1343, 1347 (2019) ("*NEXTEEL*"), this Court held that USCIT Rule 59(e) did not authorize either the Consolidated Plaintiff or the Defendant-Intervenors to request that this Court reconsider certain aspects of its previous opinion, which had addressed USCIT Rule 56.2 motions for judgment on the agency record:

> Rule 59 applies when a judgment has been entered in a case, which has not occurred yet in this action because the court remanded Commerce's determination . . . The Court finds that Rule 59 is not the proper avenue for bringing a motion for reconsideration under the current circumstances.

However, as MHDD recognizes in its Motion (at 11), the Court in *NEXTEEL* did consider the parties' requests under USCIT Rule 54(b), finding that: "Because active issues still exist in this action and because no judgment has been issued yet, the court may entertain the motion for reconsideration under Rule 54(b)." Id. at 1348. See also *Irwin Industrial Tool Company v, United*

*States*, 269 F. Supp. 3d 1294, 1300 (2017), holding that USCIT Rule 54(b) is the appropriate vehicle for a court to reconsider any of its interlocutory opinions and orders issued in advance of a final judgment.

Nevertheless, MHDD insists that "The Court's denial of MHDD's 706(1) claim is a final judgment under Rule 59(e)." Motion at 4. In support of this claim, MHDD relies upon the decisions in *Ford Motor Co. v. United States* and *Neighbors Against Bison Slaughter v National Park Service*. Id. However, both cases are readily distinguishable and are, therefore, irrelevant.

In *Ford Motor Co.*, the court had dismissed Ford's case for lack of subject matter jurisdiction. Ford then sought reconsideration under Rule 59, which the court did grant, but only because it had issued, along with its prior opinion, "an <u>accompanying judgment order</u> that dismissed Ford's case for lack of subject matter jurisdiction." 30 CIT at 1587-88. (Emphasis added.) No "judgment order" has been entered here because the MHDD's case has not been dismissed for lack of subject matter jurisdiction or for any other reason.

In *Neighbors Against Bison Slaughter*, the Ninth Circuit held that it had jurisdiction to hear an appeal under 28 U.S.C. §1291 because "the district court conclusively resolved Plaintiffs' claim to compel agency action by a date certain and review of this issue 'would, as a practical matter, be foreclosed if an immediate appeal were unavailable.'" 2022 WL 1315302 at 1. However, 28 U.S.C. § 1291 states that "The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all <u>final decisions</u> of the district courts of the United States." (Emphasis added.) Similarly, the Federal Circuit has exclusive jurisdiction "of an appeal from a <u>final decision</u> of the United States Court of International Trade." 28 U.S.C. §1295(a)(5). (Emphasis added.) This Court has not yet issued a "final decision" that would then afford jurisdiction over an appeal.

In addition, the court in *Neighbors Against Bison Slaughter* denied the Plaintiffs' appeal under Section 706(1) of the Administrative Procedure Act. MHDD has raised the very same Section 706(1) claim in its Motion (at 5, 10-12) that it did in its summary judgment motion. See ECF No. 30 at 30-33. However, unlike the factual situation in *Neighbors Against Bison Slaughter*, MHDD has failed to allege, much less demonstrate, that review of its Section 706)(1) claim would be "foreclosed as a practical matter" if an immediate appeal were unavailable. Moreover, MHDD is not seeking an immediate appeal. Rather, it just asks this Court to reconsider its decision to remand the case without immediately imposing an import ban.

In any event, the GNZ does not contest that this Court has discretion to decide whether to consider the MHDD's Motion under USCIT Rule 54(b) even though it strongly opposes imposition of the import ban that MHDD once again seeks through that Motion.

**B. Plaintiff Has Not Satisfied the USCIT Rule 54(b) Criteria for This Court to Reconsider the Remedy Section of Its Opinion and Order**

In *NEXTEEL*, this Court stated that:

> The court has discretion when deciding a motion for reconsideration "as justice requires." Irwin Indus. Tool Co. v. United States, 41 CIT ___, ___, 269 F. Supp. 3d 1294, 1300 (2017), aff'd, 920 F.3d 1356 (Fed. Cir. 2019). Grounds for reconsideration include "an intervening change in the controlling law, the availability of new evidence, the need to correct a clear factual or legal error, or the need to prevent manifest injustice." Ford Motor Co. v. United States, 30 CIT 1587, 1588 (2006); see also Irwin Indus. Tool, 41 CIT at ___, 269 F. Supp. 3d at 1301. A motion for reconsideration is not an opportunity for the losing party "to re-litigate the case or present arguments it previously raised." Totes-Isotoner Corp. v. United States, 32 CIT 1172, 1173, 580 F. Supp. 2d 1371, 1374 (2008).

389 F. Supp. 3d at 1348.[1] The Plaintiff does not satisfy any of the *NEXTEEL* conditions that authorize reconsideration. Instead, it seeks to "re-litigate" the remedy that the Court ordered by presenting arguments that "it previously raised" in contravention of the holding in *NEXTEEL*.

First, the Plaintiff does not rely upon: (a) an "intervening change in the controlling law;" (b) newly available evidence; or (c) a clear factual or legal error.

Second, it repeats the remedy-related contentions that it first raised in its Motion for Summary Judgment on Agency Record. ECF No. 30 at 30-33. There, Plaintiff urged the Court to ban imports under 5 U.S.C. § 706(1) because that provision allegedly required this Court to "compel agency action unlawfully withheld or unreasonably delayed." However, this Court rejected Plaintiff's request for an immediate import ban under the purported authority of Section 706(1) of the APA. Slip. Op. at 37-41.[2] The arguments that MHDD has proffered in its Motion are no different from the arguments that this Court previously considered.

For example, in its summary judgment motion (at 30), MHDD stated that: "the MMPA imposes a non-discretionary duty to impose such a {import} ban where bycatch of Māui dolphins exceeds U.S. standards or where the New Zealand Fisheries lack a valid comparability finding." Identically, in the instant Motion (at 10-11), MHDD asserts that "The Secretary of the

---

[1] In the *Irwin Industrial Tool* case, the Court stated that the factors a court may weigh when contemplating reconsideration include "whether there has been a controlling or significant change in the law or whether the court previously 'patently' misunderstood the parties, decided issues beyond those presented, or failed to consider controlling decisions or data." 269 F. Supp. 3d 1294, 1301. None of those factors is present here, and MHDD does not rely on any of them as its basis for seeking reconsideration.

[2] In *Sea Shepherd New Zealand v. United States,* 606 F. Supp. 3d 1286, 1308-1310 (2022), the court dismissed the plaintiff's APA Section 706(1) claim for relief because NMFS' denial of Sea Shepherd's request for an import ban did not constitute a failure to act under Section 706(1). This Court cited that decision as support for its decision to deny MHDD's request for an immediate import ban. Slip Op. at 37-40. In short, NMFS has not failed to act. Instead, it acted by granting the GNZ's application for a 2024 comparability finding, so Section 706(1) does not apply.

5

Treasury and Secretary of Homeland Security, as well as NMFS, each has a nondiscretionary duty to ban imports until such time that a *valid* comparability{finding}is in place for the two New Zealand Fisheries."

This is mere re-litigation of the claim that the Court rejected and is, therefore, not a permissible basis for reconsideration despite MHDD's claim (at 7) that allowing imports to continue is during the short period of the remand proceeding is "manifestly unjust."[3] As noted in *Irwin Industrial Tool*, "Disagreement with the court's determinations, without more, is not sufficient cause for reconsideration." 269 F. Supp. 3d at 1301.

Third, MHDD's Motion repeatedly claims that the Court vacated the 2024 Comparability Finding. See Motion at 1, 2, 5, 6, 7, 9, and 10. MHDD uses this claim as the premise for asserting that the Court must now impose an import ban since NMFS failed to do so: "Once there was no valid comparability finding in place, Federal Defendants had no alternative under the MMPA but to impose a ban on imports from the two New Zealand fisheries." Motion at 7. However, this Court did not vacate the Comparability Finding. Rather, it vacated the Decision Memorandum because "the 2024 Decision Memorandum is a cursory seven-page document that is replete with conclusory statements and cites minimal record evidence." Slip Op. at 9. For that reason, it "ORDERED that NMFS' Decision Memorandum is vacated and remanded for reconsideration and further explanation consistent with this Opinion." Slip Op. at 42.

As a result, the Court required NMFS to file both its "remand comparability findings" and its remand Decision Memorandum by specified dates, but nothing in its Opinion indicates

---

[3] MHDD asserts in support of this alleged "injustice" that, "The lack of an import ban sanctions and encourages fishing in the Māui dolphin's habitat." Motion at 8. There is no evidence that this is the case, especially considering the extensive fishing restrictions and comprehensive monitoring requirements that the GNZ has implemented in the Māui dolphin's habitat.

that the current Comparability Finding is not still effective. Thus, the premise of MHDD's motion is erroneous.

Fourth, the Court noted that NMFS issued a "positive comparability finding" and, therefore, the agency "was not required to implement an import ban." Slip Op. at 40-41. However, an import ban might be required "going forward," i.e., in the future, if the Court should find that NMFS "continues to rely on an arbitrary and unlawful {remand} Decision Memorandum that could be regarded as equivalent to denying a comparability finding." Id. at 41. Thus, although the Court understood that MHDD sought an immediate import ban, it elected, for the time being at least, not to implement one.

In summary, this Court should view MHDD's Motion as a request that it change its mind, but without offering any supporting new facts or legal arguments. However, a request for reconsideration is not appropriate where a party offers "no reasons for reconsideration beyond its disagreement with the court's opinion." *Irwin Industrial Tool*, 269 F. Supp. 3d at 1301. As in that case, MHDD "seeks to remake the same arguments already made and considered by the court, on the basis of the same record and under the same law." Id.

C. **No Basis Exists at This Time for This Court to Consider Alleged Defects in NMFS' 2025 Comparability Finding**

This Court issued its Opinion and Order on August 26, 2025. Two days later, NMFS issued its 2025 Comparability Findings for the GNZ, as well as for approximately 135 other nations involving approximately 2,500 fisheries. Exhibit A to MHDD's motion contains the 2025 Comparability Finding for all of New Zealand's fisheries, including the West Coast North Island

set net and trawl fisheries. The GNZ's 2025 Comparability Finding does not take effect until January 1, 2026. See 90 Fed. Reg. 42,395-96 (Sept. 2, 2025.).[4]

Nevertheless, MHDD seizes upon NMFS' issuance of the GNZ's 2025 Comparability Finding to claim that, because it is "fundamentally identical" to the now vacated 2024 Decision Memorandum, "MHDD and the Māui dolphin accordingly find themselves in the exact situation that this Court contemplated may merit an import ban." Motion at 2. That claim is both premature and incorrect.

It is premature because the 2025 Comparability Finding does not take effect until January 1, 2026. The parties in NRDC v. Raimondo recognized this fact in Attachment A to their Stipulation of Dismissal, captioned Stipulated Settlement Agreement.[5] See Sections 1(d), 4(a) and 4(b) of that Agreement. See ECF No. 29 in Court No. 24-00148. For example, Section 4(a) provides that, "Prior to January 1, 2026, Plaintiffs will not initiate any litigation challenging an individual comparability finding issued in Phase 3." The term "Phase 3" refers to NMFS' issuance of comparability findings for all harvesting nations on or before September 1, 2025. Id. at Section 1(c). See also 50 C.F.R. § 216.3, which defines the term "Exemption period" as "the period during which commercial fishing operations that are the source of exports of commercial fish and fish products to the United States will be exempt from the prohibitions of §216.24(h)(1). The exemption period extends through December 31, 2025."

---

[4] MHDD states that NMFS should have addressed this Court's Opinion in its 2025 Comparability Finding even though NMFS issued that Finding just two days after the Court issued its Opinion. Motion at 7. It is not an overstatement to say that this would have been impossible.
[5] Judge Katzmann approved the stipulated terms of dismissal in his March 25, 2025 Opinion and Order. Slip Op. 25-29. ECF No. 38.

MHDD's claim is also incorrect because NMFS must revise the 2025 Comparability Finding wherever it contains a defect that the Court identified in its analysis of the 2024 Decision Memorandum.[6] To put it another way, the Court's directive that NMFS issue a revised 2024 Decision Memorandum means that, unless it does so in a way that satisfactorily responds to each of the Court's concerns, then the Court could issue an import ban, as it noted in its Opinion (at 41).

That ban would remain in effect unless and until NMFS determined, and the Court agreed, that the GNZ had adopted sufficient measures to comply with U.S. standards under the MMPA. Thus, MHDD's suggestion that NMFS would ignore this possibility and stand by the current Decision Memorandum and not issue a new or revised 2025 Comparability Finding ignores the extremely adverse consequences on both the GNZ and New Zealand's fishing industry of not doing so.

The GNZ began initial discussions with NMFS concerning the additional information that it would be helpful for the GNZ to supply so that the agency could fully address the Court's Opinion concerning both the 2024 Decision Memorandum and the 2025 Comparability Finding. However, the responsible personnel at both NMFS and the Department of Justice are now furloughed, so no additional communications are currently possible. Nevertheless, the GNZ has urged NMFS to revise its 2025 Comparability Finding before its January 1, 2026 effective date to ensure that it is consistent with this Court's Opinion on the 2024 Decision Memorandum.

---

[6] NMFS possesses the authority to reconsider its 2025 Comparability Finding under 50 C.F.R. § 216.24(h)(8)(vii), captioned "Discretionary review of comparability findings." It allows NMFS to "reconsider a comparability finding that it has issued at any time based upon information obtained by the Assistant Administrator {of NMFS} including . . . the submission of information from the harvesting nation . . . ."

9

D.  **Conclusion**

For these reasons, the Court should deny the Plaintiff's Motion to Alter or Amend the Judgment.

                                                      Respectfully submitted,

                                                      /s/ Warren E. Connelly
                                                      Warren E. Connelly
                                                      Robert G. Gosselink
                                                      Kenneth N. Hammer

                                                      Trade Pacific PLLC
                                                      700 Pennsylvania Avenue, SE
                                                      Suite 500
                                                      Washington, D.C. 20003
                                                      Phone: 202-223-3760
                                                      wconnelly@tradepacificlaw.com

                                                      Counsel for the New Zealand Government

Date: October 16, 2025.