IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| MAUI AND HECTOR'S DOLPHIN DEFENDERS NZ INC., | |
| Plaintiff, | |
| v. | Before: Jennifer Choe-Groves, Judge |
| NATIONAL MARINE FISHERIES SERVICE, et al., | Court No. 24-00218 |
| Defendants, and | |
| GOVERNMENT OF NEW ZEALAND, | |
| Defendant-Intervenor. | |

**PROTECTIVE ORDER**

1. For purposes of this Protective Order, the term "Confidential Information" means information, whose disclosure by the receiving party would, in the good faith belief of the producing party, result in the disclosure of enforcement-related information prepared by the Government of New Zealand.

2. This Protective Order is not intended to address or govern any claim of privilege or work product that any party may otherwise assert.

3. No receiving party may disclose any document designated third-partying Confidential Information or disclose or summarize any information contained in such a document to any person other than: (1) counsel for a party in this action or counsel in any related remand or appeal; (2) any person engaged in assisting counsel, but not including personnel employed by MHDD or those working at MHDD's direction; (3) any person who prepared, received or reviewed Confidential Information prior to its production in this case; (4) U.S. government

1

personnel; (5) authorized Court personnel; and (6) any third party consultant or expert who has been retained by counsel for a party in this action.

4.      Counsel for all parties shall require each non-governmental person who sees Confidential Information to comply with the terms of this Order and provide to counsel for the party providing the Confidential Information the written acknowledgement of their agreement to abide by the terms of this Order in the form provided in Attachment A hereto.

5.      Each person having access to Confidential Information shall maintain it in a safe and secure manner to ensure compliance with this Protective Order. No person receiving Confidential Information shall make use of it for any purpose other than the litigation of this action or any related remand or appeal proceeding. This prohibition includes, but is not limited to, disclosure in any other litigation or administrative proceeding, press release, article, publication, or electronic communication.

6.      Nothing in this Protective Order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States any document containing Confidential Information, subject to the requirement that they maintain the confidentiality of Confidential Information consistent with the terms of this Protective Order.

7.      Information shall be designated as Confidential Information by stamping or otherwise inscribing the word "Confidential" or "Subject to Protective Order" upon the document itself. When a document contains both Confidential Information and non-confidential information, the Confidential Information shall be identified by enclosing it within double brackets: [[  ]].

8.      Each document, including briefs and memoranda, that is filed with the Court that contains Confidential Information shall be conspicuously marked as containing Confidential Information that is not to be disclosed to the public. Each party filing a document containing

Confidential Information shall file within five business days after the date of filing of the confidential version of the document a public version of that document from which all Confidential Information has been redacted or deleted. Corrections to the double bracket markings in the confidential version, if warranted following consultation with counsel for the producing party, may be filed at the time of filing the public version.

9. Arrangements shall be made with the Clerk of the Court to retain such documents containing Confidential Information under seal, permitting access only to the Court, Court personnel authorized by the Court to have access, counsel for the Plaintiff, counsel for the U.S. government and counsel for the Defendant-Intervenor.

10. The obligations and protections imposed by this Protective Order shall continue beyond the conclusion of this case, to include any remand or appellate proceeding, or until the Court orders otherwise.

11. Upon conclusion of this litigation, including any remand or appellate proceeding, documents designated as containing Confidential Information and all copies shall be destroyed by any non-government receiving party.

12. Any party may petition the Court for modification of the terms of this Protective Order. The Court shall have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any provision of the Protective Order.

13. If a dispute arises concerning the designation of information as Confidential Information, the parties shall first meet and confer in good faith to resolve any dispute on an informal basis before seeking the Court's intervention.

14.     If the parties cannot informally resolve any such dispute, a party may apply to the Court for an *in camera* determination that Confidential Information is not entitled to that designation. The party whose information is being challenged as non-confidential shall be given reasonable notice of the application and a reasonable opportunity to respond to the Court.

    SO ORDERED

                                            /s/ Jennifer Choe-Groves
                                             Jennifer Choe-Groves, Judge

Dated: December 23, 2025
       New York, New York

**ATTACHMENT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned hereby acknowledges that he or she has received a copy of the Protective Order entered in this action, has read it, agrees to be bound by all of its provisions, and agrees to submit to the jurisdiction of the United States Court of International Trade.

Dated: _____                                          _____
                                                                                                Signature