# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

|  |  |
|---|---|
| MAUI AND HECTOR'S DOLPHIN DEFENDERS NZ, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Court Nos. 1:26-cv-00060-JCG; |
| NATIONAL MARINE FISHERIES SERVICE, et al., | ) 1:26-cv-00060-JCG ) ) |
| Defendants, | ) ) |
| GOVERNMENT OF NEW ZEALAND, | ) ) |
| Defendant-Intervenor. | ) ) |

## DEFENDANTS' STATUS REPORT

Defendants, the National Marine Fisheries Service (NMFS), Eugenio Piñeiro Soler, in his official capacity as Assistant Administrator for NMFS, Howard Lutnick, in his official capacity as Secretary of Commerce, Scott Bessent, in his official capacity as Secretary of the Treasury, and Kristi Noem, in her official capacity as Secretary of Homeland Security, respectfully file this status report pursuant to the Court's orders dated February 6, 2026 (ECF Nos. 67, 29). Counsel for defendant-intervenor, the Government of New Zealand (GNZ), has represented that it supports the Government's proposed briefing schedule.

Despite best efforts, the Government was unable to agree with plaintiff, Maui and Hector's Dolphin Defenders NZ, Inc. (MHDD), on a briefing schedule in this matter. The Government understands the Court's desire to resolve plaintiff's challenge to NMFS's 2025 comparability findings for all of New Zealand's set net and trawl fisheries Case No. 26-cv-00060

(the 2026 Proceedings) and Case No. 24-0218 (the 2024 Proceedings), which involves a pre-existing challenge to NMFS's 2024 comparability findings for New Zealand's West Coast North Island set net and trawl fisheries. The Government has attempted to reach a mutually agreeable resolution that would permit the Government to jointly stipulate to dismissal of the 2024 Proceedings and to a remand schedule in the 2026 Proceedings. Consistent with the framework suggested by undersigned counsel during the February 3, 2026, status conference, the Government has proposed a compromise that broadly includes the following terms[1]:

- The Government would agree to take a voluntary remand of the 15 fisheries identified in the complaint in the 2026 Proceedings for additional analysis, reconsideration, and consolidation of all record materials.
- The Government would agree to complete the remand for all 15 fisheries within 5 months from the date of the Court's order entering the voluntary remand.
- MHDD would agree to withdraw its motion for preliminary injunction in the 2026 Proceedings.
- MHDD would agree to release all claims associated with the 2024 Proceedings.
- The parties would agree to jointly stipulate that the 2024 Proceedings be dismissed with prejudice.
- The Government would agree not to publish a Federal Register notice in connection with the January 6, 2026, remand redetermination in the 2024 Proceedings during the remand period.

Negotiations have not concluded.

In the proposed schedule MHDD provided to the Government, MHDD continues to push the procedurally incorrect position that it can simply move for voluntary dismissal under Rule 41(a)(2) of the Rules of this Court (USCIT R.) and avoid resolution of the Government's motion to dismiss the 2024 Proceedings—all in an effort to fast track its pending preliminary injunction in the 2026 Proceedings, despite not requesting expedited treatment at the outset. But precedent is plain: the Court must assure itself of subject-matter jurisdiction before ruling on a

---

[1] The Government expressly reserves the right to take positions contrary to these proposed terms in the 2024 and 2026 Proceedings, and in any other matter, in the event that the parties are unable to reach a settlement agreement reduced to writing.

USCIT R. 41(a)(2) motion. *See, e.g.*, *Walter-Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*, 479 F.3d 1330, 1342 (Fed. Cir. 2007) (applying 4th Circuit law and concluding it was error to grant Rule 41(a)(2) motion without first determining subject matter jurisdiction); *Mission Essential Personnel, LLC v. United States*, 104 Fed. Cl. 170, 177 (2012) ("Consequently, the court must first resolve its jurisdictional doubts by addressing the government's and Harding's motions to dismiss. . . . then it can weigh both sides' arguments on the propriety of a voluntary dismissal pursuant to RCFC 41(a)(2).").

If the parties are unable to negotiate a settlement, then the Court must first resolve the jurisdictional defects raised in the 2024 Proceedings before undertaking the requisite balancing of interests and exercise of discretion required by Rule 41(a)(2) for any dismissal by MHDD. *United States v. T.J. Manalo, Inc.*, 659 F. Supp. 2d 1297, 1301 (Ct. Int'l Trade 2009) ("The primary purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." (cleaned up)); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2364 (4th ed. 2025) ("[I]t is the possibility of prejudice to the defendant, rather than the court's convenience or that of others, that is the most important consideration in deciding a Rule 41(a)(2) dismissal motion.").

Adjudicating the Government's motion to dismiss in the 2024 Proceedings would also be the best use of judicial resources. That is because resolution of that motion will functionally resolve any such disputes in the 2026 Proceedings. Because of the jurisdictional connection between those two cases, the Court should therefore stay briefing in the 2026 Proceedings until it resolves the 2024 Proceedings. Admittedly, the Court suggested during the February 3, 2026, status conference that staying briefing in 2026 Proceedings would not be appropriate in light of MHDD's motion for preliminary injunction. But the Court must still assure itself of MHDD's

standing and its subject matter jurisdiction before contemplating a preliminary injunction. *E.g.*, *U.S. Ass'n of Importers of Textiles & Apparel v. United States Dep't of Commerce*, 413 F.3d 1344, 1349-50 (Fed. Cir. 2005) (reversing preliminary injunction as an abuse of discretion).

Here, MHDD has not made any allegations or provided any evidence in connection with the 2026 Proceedings to cure the standing deficiencies identified in the Government's motion to dismiss in the 2024 Proceedings. So the best—and most efficient—way for the Court to assure itself of jurisdiction in the 2026 Proceedings is to first resolve the 2024 Proceedings. What is more, any purported urgency for the preliminary injunction motion to stay the effects of the 2025 comparability findings is belied by the fact that MHDD waited *five months* after the challenged comparability findings became effective before filing its motion for preliminary injunction—all while refusing to respond to the Government's motion to dismiss in the 2024 Proceedings. It is notable that those five months covered nearly all of the peak fishing period for the challenged fisheries, according to MHDD's expert. Declaration of Elisabeth Slooten, Ph.D. ¶ 27, 2026 Proceedings (Jan. 30, 2026), ECF No. 17.

The Court should resolve the motion to dismiss in the 2024 Proceedings, extend any related deadlines for that motion, and stay all other pending deadlines in both matters. The scheduled March 3, 2026, argument should be cancelled with respect to the motion to alter or amend judgment and the remand redetermination and postponed with respect to the motion to dismiss until briefing on that motion has been completed. Accordingly, the Government proposes the following schedule for the 2024 Proceedings:

| 2024 Proceedings | | |
|---|---|---|
| **Event** | **Third Amended Schedule** | **Proposed Due Date** |
| Remand Record | January 9, 2026 | Stayed |
| Public Redacted Remand Reconsideration | January 13, 2026 | Stayed |

| | | |
|---|---|---|
| MHDD's Response to Government's Motion to Dismiss | January 13, 2026 | February 18, 2026 |
| Remand Comments | January 30, 2026 | Stayed |
| Reply in Support of Government's Motion to Dismiss | February 3, 2026 | March 11, 2026[2] |
| Comments in Support of Remand | February 23, 2026 | Stayed |
| Oral Argument | March 3, 2026 | Postponed |

If the Court is not inclined to stay briefing in the 2026 Proceedings, the Government proposes the following schedule, consistent with its outstanding motion for extension (2026 Proceedings, ECF No. 18).

| Case No. 26-060 | | |
|---|---|---|
| **Event** | **Original Due Date** | **Proposed Due Date** |
| Response to Motion for PI | February 20, 2026 | April 6, 2026 |
| MHDD's Response to Motion to Extend Time | February 23, 2026 | February 18, 2026 |
| Responsive Pleading[3] | April 6, 2026 | April 6, 2026 |

                                                  Respectfully Submitted,

                                                  BRETT A. SHUMATE
                                                  Assistant Attorney General

                                                  PATRICIA M. MCCARTHY
                                                  Director

---

[2] Should MHDD respond to the Government's Motion to Dismiss with its own dispositive motion for dismissal pursuant to USCIT R. 41(a)(2), the Government would propose that its response period be 35 days, or up to and including March 25, 2026, consistent with USCIT R. 7(d).

[3] MHDD served the United States on February 3, 2026, the morning after the Government filed its motion for extension of time. Accordingly, the portion of the Government's motion for extension seeking an order for MHDD to serve the United States has been rendered moot. Under USCIT R. 12(a)(1)(A), the Government's responsive pleading is due on April 6, 2026.

/s/Agatha Koprowski<br>
AGATHA KOPROWSKI<br>
Trial Attorney<br>
U.S. Department of Justice Civil Division<br>
P.O. Box 480, Ben Franklin Station<br>
Washington, D.C. 20044<br>
Tel: (202) 507-6081<br>
Email: agatha.koprowski@usdoj.gov

February 11, 2026                                      *Attorneys for Defendants*