UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| MĀUI AND HECTOR'S DOLPHIN DEFENDERS NZ INC., <br><br> *Plaintiff,* <br><br> v. <br><br> NATIONAL MARINE FISHERIES SERVICE et al., <br><br> *Defendants,* <br><br> GOVERNMENT OF NEW ZEALAND, <br><br> *Intervenor-Defendant.* | Case No. 1:24-cv-00218-JCG <br><br> Before: Judge Jennifer Choe-Groves |

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion to Voluntarily Dismiss Without Prejudice, it is hereby

ORDERED that the motion to Voluntarily Dismiss Without Prejudice is GRANTED, and it is further

ORDERED that the action is dismissed without prejudice, and it is further

ORDERED that each party shall bear its own costs and fees.


Dated: _____, 2026                                   _____
New York, NY                                                                    Judge

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| MĀUI AND HECTOR'S DOLPHIN DEFENDERS NZ INC., <br><br> *Plaintiff,* <br><br> v. <br><br> NATIONAL MARINE FISHERIES SERVICE et al., <br><br> *Defendants,* <br><br> GOVERNMENT OF NEW ZEALAND, <br><br> *Intervenor-Defendant.* | Case No. 1:24-cv-00218-JCG <br><br> Before: Judge Jennifer Choe-Groves |

**PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE**

Plaintiff Māui and Hector's Dolphin Defenders NZ Inc. (MHDD) respectfully moves to voluntarily dismiss its challenge to the National Marine Fisheries Service's (NMFS) 2024 comparability finding without prejudice, pursuant to CIT Rule 41(a)(2). Since NMFS issued a new comparability finding in 2025 and MHDD challenged that finding, all parties have agreed it is in the interest of judicial economy and conservation of the parties' resources to proceed with just one case covering NMFS's comparability finding for New Zealand's fisheries, rather than continuing with unnecessary proceedings. Granting MHDD's motion would allow that to happen in a simple and straightforward way. Such requests for voluntary dismissal without prejudice are "freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). No such prejudice exists here, particularly given that NMFS is also seeking dismissal

2

without prejudice (albeit on different grounds). The Court should grant MHDD's motion so the parties and the Court can focus their efforts on the live challenge to the 2025 comparability findings that are currently authorizing imports from New Zealand fisheries.

Federal Defendants and Defendant-Intervenor oppose this motion.

## BACKGROUND

This case involves a challenge to NMFS's 2024 comparability finding under the Marine Mammal Protection Act (MMPA) authorizing imports through December 31, 2025, from two West Coast North Island fisheries that incidentally catch Māui dolphins. 89 Fed. Reg. 4595, 4595 (Jan. 24, 2024). MHDD filed this case on December 4, 2024. Compl., ECF No. 4. On August 26, 2025, this Court found in MHDD's favor on the merits for seven of its eight claims, and vacated the comparability finding. *Maui and Hector's Dolphin Defs. NZ Inc. v. Nat'l Marine Fisheries Serv.*, 799 F. Supp. 3d 1327 (Ct. Int'l Trade 2025) (ECF No. 41). The Court ordered NMFS to file remand findings by November 24, 2025, *id.* at 1350; the deadline was subsequently extended to January 6, 2026, due to the government shutdown, 2d Am. Scheduling Order, ECF No. 50.

On August 29, 2025, NMFS announced that it had issued comparability finding determinations for 135 nations, including New Zealand. It published a notice of those findings in the Federal Register on September 2, 2025. 90 Fed. Reg. 42395 (Sept. 2, 2025) (hereinafter 2025 Comparability Finding). The 2025 Comparability Finding authorizes imports from all of New Zealand's export fisheries, including the West Coast North Island Fisheries, effective from January 1, 2026, "until December 31, 2029, or for such other period as NMFS may specify." *Id.* at 42395–96; *see* NOAA, *Marine Mammal Protection Act Import Provisions Comparability Finding Application Final Report, New Zealand* (2025), https://www.fisheries.noaa.gov/s3/2025-08/New-Zealand-final-2025-508.pdf.

3

Immediately after NMFS published the 2025 Comparability Finding, MHDD sought to ascertain Federal Defendants' position on whether they would rely on that finding indefinitely to authorize imports or if they would be publishing a new comparability finding that complied with this Court's August 26 Order, but Federal Defendants did not take a position. *See* Mot. Amend 4, ECF No. 43. In light of that ambiguity, MHDD filed a motion on September 25, 2025, to amend the August 26 Order to compel Federal Defendants to implement an import ban so long as they were continuing to allow imports without addressing the issues identified by this Court. *Id.* at 6. On November 24, 2025, Federal Defendants filed an opposition and also moved to dismiss this case on mootness and standing grounds. Fed. Opp., ECF No. 51. Federal Defendants asserted that if "the 2025 Comparability Findings suffer from the same defects the Court determined necessitated a remand of the 2024 Comparability Findings, the proper step would be to file a complaint directly challenging the new findings and developing appropriate arguments." *Id.* at 16. Over the next month and a half, MHDD continued to try to get clarity from Federal Defendants on whether they would publish the forthcoming remand findings so as to supersede the 2025 Comparability Finding.[1] Federal Defendants were unable to provide that information. Accordingly, on January 5, 2026—just four days after the 2025 Comparability Finding came into effect—MHDD took the step Federal Defendants asked for and filed a challenge to the 2025 Comparability Finding. Compl., ECF No. 4, *Maui & Hector's Dolphin Defs. NZ Inc. v. NMFS*, No. 26-cv-00060 (Ct. Int'l Trade).

---

[1] Under 50 C.F.R. § 216.24(h)(8)(iv), a comparability finding is "valid for 4 years *from publication*." (emphasis added); *see also id.* § 216.24(h)(8)(i) (requiring publication in the Federal Register). Only a "valid comparability finding" can authorize imports and only a published comparability finding can be valid. *Id.* § 216.24(h)(1)(i), (ii). An unpublished finding thus has no legal effect.

On January 6, 2026, NMFS filed confidential remand findings under seal in this case. ECF No. 58.[2] Federal Defendants did not publish the remand findings in the Federal Register or in any other public location. This was the first confirmation MHDD received that the remand findings would not be published upon issuance and, consequently, that they would not and cannot authorize imports or have any other legal effect.

On January 7, 2026, the parties filed a joint motion to stay proceedings in this case until February 7, to discuss potential settlement of this case because they "agree[d] it would be in the interest of judicial economy and conservation of resources to proceed in a single case on the New Zealand comparability findings, to the extent possible." ECF No. 59, at 3. The Court granted that motion on January 8, 2026. ECF No. 60. The Court subsequently extended the stay at the parties' request until February 17, 2026. ECF No. 66.

## ARGUMENT

MHDD seeks to voluntarily dismiss this case because it is undisputed that the 2025 Comparability Finding—not the 2024 Comparability Finding—currently authorizes imports from the New Zealand fisheries. The challenge to the 2025 Comparability Finding is both broader—covering more fisheries and an additional imperiled dolphin subspecies—and more urgent, with a pending motion for a preliminary injunction. MHDD does not believe it is an effective use of the Court's or the parties' time or resources to continue with proceedings on a 2024 Comparability Finding that is no longer legally authorizing imports; both because this Court vacated it and because it would have expired on December 31, 2025, by its own terms. MHDD wishes to voluntarily dismiss this case without prejudice so all parties and this Court can focus their time and attention on the agency action that currently authorizes imports.

---

[2] Federal Defendants still have not filed a nonconfidential version of the remand findings, as the CIT's rules require. *See* USCIT Rs. 5(g), 81(h).

5

As an initial matter, dismissal should be without prejudice. That is the default rule under CIT Rule 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."). Since voluntary dismissal with prejudice "operates as a final adjudication on the merits," *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001), it would be incongruous to dismiss MHDD's complaint with prejudice when this Court has already ruled in MHDD's favor on the merits of nearly all their claims, *see* Order & Op., ECF. No. 41.[3]

A party opposing voluntary dismissal without prejudice bears the burden to establish that such dismissal would cause it plain legal prejudice. *E.g.*, *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023) ("where the request is to dismiss without prejudice, a District Court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." (cleaned up)). "'Legal prejudice' is a term of art [which] means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* at 1280 (citation omitted). The "mere prospect of a subsequent lawsuit" does not amount to clear legal prejudice. *Goodwin v. Reynolds*, 757 F.3d 1216, 1219 (11th Cir. 2014) (citing *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986)).

Neither Federal Defendants nor Defendant-Intervenor will suffer plain legal prejudice from dismissing this matter without prejudice. This Court has already dispensed of all substantive legal claims and arguments in its ruling on MHDD's motion for summary judgment,

---

[3] Contrary to Federal Defendants' characterizations, that ruling has value. It informed NMFS of multiple ways in which its analysis was flawed and needs to be corrected. The fact that NMFS continues to issue unlawful comparability findings that do not address the CIT's rulings over the past several years is a problem of NMFS's own making, not MHDD's or this Court's. It is concerning that NMFS continues to interpret this Court's ruling as simply critiquing "the absence of citations and adequacy of explanation," rather than requiring a true reconsideration of its unlawful comparability finding. Defs.' Status Rep. 6, *Maui & Hector's Dolphin Defs. NZ. Inc. v. NMFS*, No. 26-cv-00060 (Ct. Int'l Trade) (ECF No. 15).

and neither Federal Defendants nor Defendant-Intervenor has raised any counterclaims or any other new legal claims or arguments on the merits that would be prejudiced if MHDD were allowed to voluntarily dismiss its case. Federal Defendants' only unresolved motion is their motion to dismiss on the basis of standing and mootness. If MHDD's motion were granted, Federal Defendants may make those same jurisdictional arguments without limitation in MHDD's challenge to the 2025 Comparability Finding. *See, e.g.*, *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 501 (6th Cir. 2007); *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 175 (5th Cir.1990). In fact, Federal Defendants have explained that they would need to (and plan to) file a motion to dismiss the 2026 case on jurisdictional grounds *even if* this Court grants their motion in this case. Defs.' Status Rep. 7, *Maui & Hector's Dolphin Defs. NZ. Inc. v. NMFS*, No. 26-cv-00060 (Ct. Int'l Trade) (ECF No. 15). There can be no legal prejudice when voluntary dismissal here would not affect Federal Defendants' ability to raise their jurisdictional arguments in the 2026 case.

  Finally, dismissal without prejudice is precisely what Federal Defendants are seeking with their motion to dismiss this case on mootness and standing grounds. Courts have consistently held that cases dismissed for lack of jurisdiction must be without prejudice. *See, e.g.*, *Givens v. Bowser*, 111 F.4th 117, 122–23 (D.C. Cir. 2024) (holding dismissal for mootness must be without prejudice); *Katz v. Donna Karan Co.*, 872 F.3d 114, 121 (2d Cir. 2017) ("[W]here a case is dismissed for lack of Article III standing, as here, that disposition cannot be entered with prejudice, and instead must be dismissed without prejudice."); *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (explaining that because dismissal for lack of standing is jurisdictional, it "is entered without prejudice"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216–20 (10th Cir. 2006) ("[W]here the district

7

court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice."); *Wheeler v. United States*, 11 F.3d 156, 160 (Fed. Cir. 1993) ("[D]ismissals for lack of subject matter jurisdiction … are without prejudice."). Indeed, Federal Defendants did not request dismissal with prejudice in their Motion to Dismiss. *See generally* ECF No. 51. To the extent they now seek dismissal with prejudice, they would need to concede that the Court has subject matter jurisdiction in order for the Court to dismiss with prejudice. *Cnty. of Mille Lacs v. Benjamin*, 361 F.3d 460, 464 (8th Cir. 2004) ("A district court is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent."); *see also Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996) ("However, in the absence of subject matter jurisdiction there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is without prejudice."). Federal Defendants suffer no legal prejudice from a voluntary dismissal that produces the same result they would obtain if they prevailed on their motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court should grant MHDD's motion to voluntarily dismiss without prejudice because it would conserve the Court's and the parties' resources and would not cause legal prejudice to Federal Defendants or Intervenor-Defendant.

Respectfully submitted this 11th day of February, 2026.

                                       */s/ Natalie Barefoot*
                                       Natalie Barefoot
                                       Earthjustice
                                       180 Steuart St. #194330
                                       San Francisco, CA 94105
                                       T (415) 217-2000
                                       nbarefoot@earthjustice.org

        Sabrina Devereaux
        Christopher Eaton
        Earthjustice
        810 Third Ave., Suite 610
        Seattle, WA 98104
        T (206) 343-7340
        sdevereaux@earthjustice.org
        ceaton@earthjustice.org

        */s/ Brett Sommermeyer*
        Brett Sommermeyer
        Catherine Pruett
        Law of the Wild
        7511 Greenwood Avenue North, #4214
        Seattle, WA 98103
        T (206) 774-0048
        brett@lawofthewild.org
        catherine@lawofthewild.org

        *Attorneys for Plaintiff Māui and Hector's Dolphin Defenders NZ Inc.*

## CERTIFICATE OF COMPLIANCE

This document complies with the word count limitations as provided for in the Court's Standard Chambers Procedures 2(B) because it contains 2,039 words, excluding the parts of the brief exempted by Standard Chambers Procedures 2(B)(1)(c).

*/s/ Natalie Barefoot*
Natalie Barefoot
