# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| MĀUI AND HECTOR'S DOLPHIN DEFENDERS NZ INC., <br><br> *Plaintiff,* <br><br> v. <br><br> NATIONAL MARINE FISHERIES SERVICE, et al., <br><br> *Defendants,* <br><br> GOVERNMENT OF NEW ZEALAND, <br><br> *Intervenor-Defendant.* | Case No. 1:24-cv-00218-JCG <br><br> Before: Judge Jennifer Choe-Groves |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS

Defendants' response to Plaintiff's Motion to Stay Proceedings consists of irrelevant complaints about the procedural posture of this litigation, but does not do the one thing a party opposing a stay must do: demonstrate that a stay will cause Defendants cognizable harm. Accordingly, this Court should grant Plaintiff's motion. *See NSK Corp. v. United States*, 36 C.I.T. 851, 854 (2012) (granting stay where "defendant, in opposing the motion, d[id] not identify any such harm.").

Defendants offer only two reasons for why they oppose a stay on briefing of their motion to dismiss: (1) "the Government has raised jurisdictional arguments that must be addressed before the Court may consider any motion pending before it in either this action or the … action initiated by MHDD, Court No. 26-00060"; and (2) it is MHDD's fault that there are pending

1

motions in two cases. Resp. Pl.'s Mot. Stay Proceedings 2, ECF. No. 79. Neither constitutes cognizable harm to Defendants to justify denying the stay.[1]

The first reflects Defendants' position on whether the Court has jurisdiction to rule on motions in this case (No. 24-00218), but says nothing of any harm Defendants would face if the Court delays a ruling on their motion to dismiss for a limited period of time. It is also premised on the incorrect assumption that the Court is barred from considering any motions in a different case (No. 26-00060) when Defendants have not filed any motion to dismiss or other challenge to jurisdiction in that case. If Defendants believe the Court lacks jurisdiction to consider MHDD's motion for a preliminary injunction, they need to ask for relief in that case. *See McMorris v. Carlos Lopez & Assocs., LLC*, 995 F.3d 295, 302 (2d Cir. 2021) ("[D]etermining standing is an inherently fact-specific inquiry that 'requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted.'" (quoting *Allen v. Wright*, 468 U.S. 737, 752 (1984))). Defendants will need to file that motion to obtain dismissal regardless of whether the Court grants this stay. The caselaw is clear that Defendants' need to file two motions in order to secure dismissals in two separate cases is not a harm justifying denying a stay that would otherwise promote judicial efficiency and prevent hardship to the movant. *See An Giang Agri. & Food Imp. Exp. Co. v. United States*, 28 C.I.T. 1671 (2004) (granting stay where non-movants raised "effects … attendant to litigation generally" in opposing motion).

---

[1] Remarkably, Defendants accuse MHDD of taking a "position that it alone is not bound by the deadlines" while Defendants ask the Court to excuse them from all deadlines but bind only MHDD. ECF No. 79, at 2–3. MHDD has asked the Court to temporarily excuse all parties from the deadlines in this case.

The second reflects Defendants' dissatisfaction with the proceedings in these cases, but also says nothing of any harm Defendants would face if the Court delays a ruling on their motion to dismiss. Moreover, Defendants' complaint about litigating two cases is not well taken. Defendants specifically argued in their motion to dismiss that MHDD should "file a complaint directly challenging the [2025] findings" in a new case. Defs. Resp. Opp. Pl.'s Mot. Alter or Amend J. & Mot. Dismiss 16, ECF No. 51. MHDD has done what Defendants demanded. Litigation could be reduced to just a single case if Defendants would stipulate to an unadorned dismissal of this case without prejudice—the same outcome they are seeking with their pending motion to dismiss.

In sum, Defendants failed to identify a single cognizable harm they would suffer as a result of a limited stay of briefing in Case No. 24-00218. Therefore, the Court should grant Plaintiff's stay motion.

Respectfully submitted this 20th day of February, 2026.

/s/ Natalie Barefoot
Natalie Barefoot
Earthjustice
180 Steuart St. #194330
San Francisco, CA 94105
T (415) 217-2000
nbarefoot@earthjustice.org

Sabrina Devereaux
Christopher Eaton
Earthjustice
810 Third Ave., Suite 610
Seattle, WA 98104
T (206) 343-7340
sdevereaux@earthjustice.org
ceaton@earthjustice.org

*/s/ Brett Sommermeyer*
Brett Sommermeyer
Catherine Pruett
Law of the Wild
7511 Greenwood Avenue North, #4214
Seattle, WA 98103
T (206) 774-0048
brett@lawofthewild.org
catherine@lawofthewild.org

*Attorneys for Plaintiff Māui and Hector's Dolphin Defenders NZ Inc.*

## CERTIFICATE OF COMPLIANCE

This document complies with the word count limitations as provided for in the Court's Standard Chambers Procedures 2(B) because it contains 634 words, excluding the parts of the brief exempted by Standard Chambers Procedures 2(B)(1)(c).

                                                */s/ Natalie Barefoot*
                                                Natalie Barefoot