**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |
|---|---|
| MĀUI AND HECTOR'S DOLPHIN DEFENDERS NZ INC., | Case No. 1:24-cv-00218-JCG |
| *Plaintiff,* | Before: Judge Jennifer Choe-Groves |
| v. | |
| NATIONAL MARINE FISHERIES SERVICE et al., | |
| *Defendants,* | |
| GOVERNMENT OF NEW ZEALAND, | |
| *Intervenor-Defendant.* | |

**PLAINTIFF'S SUR-REPLY IN PARTIAL OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS**

In light of statements in Federal Defendants' reply brief and other recent developments, Plaintiff Māui and Hector's Dolphin Defenders NZ Inc. (MHDD) agrees this case is now moot. In our opposition brief, we argued the case would not be moot if Federal Defendants were correct in arguing that a ruling in their favor would have some sort of future, prejudicial effect or other consequences on MHDD. ECF No. 84, at 9-11. Federal Defendants do not pursue any such argument in their reply brief. They do not contest that dismissal for lack of jurisdiction must be without prejudice, *see* ECF No. 86, at 21, and they state that any ruling on the 2024 Comparability Finding "would constitute an impermissible advisory opinion," *id.* at 17. Accordingly, MHDD agrees the case is moot and should be dismissed without prejudice if the

1

Court cannot grant MHDD any relief. *See* ECF No. 84, at 10-12 (explaining well-established principle that dismissal for mootness must be without prejudice).[1]

Further, on March 11, 2026, Federal Defendants took new final agency action to publish new comparability findings for New Zealand's set net and trawl fisheries that "supersede" the 2025 Comparability Finding for those fisheries. 91 Fed. Reg. 11962, 11963 (Mar. 11, 2026); *see also* ECF No. 86, at 17 n.5. Unlike the 2025 Comparability Finding, the new findings purport to "address[] the concerns identified in the court's August 26, 2025, Opinion and Order," as well as evaluate new information that NMFS has obtained since then. 91 Fed. Reg. at 11963. Therefore, dismissal of this case without prejudice on mootness grounds would not have any collateral consequences or limit MHDD in any way from pursuing its full suite of arguments if and when it challenges the new comparability findings as a separate final agency action. *See* ECF No. 84, at 10-12.

MHDD agrees that Federal Defendants' actions have rendered this case moot, and it should be dismissed without prejudice on that basis. The Court does not need to reach standing.

Respectfully submitted this 17th day of March, 2026.

/s/ Natalie Barefoot
Natalie Barefoot
Earthjustice
180 Steuart St. #194330
San Francisco, CA 94105
T (415) 217-2000
nbarefoot@earthjustice.org

---

[1] MHDD sincerely apologizes for not addressing *Bioparques de Occidente, S.A. de C.V. v. United States*, 31 F.4th 1336 (Fed. Cir. 2022), in its response brief. MHDD agrees that case is not applicable to the situation here because, unlike the 2013 Agreement in that case, the 2024 Comparability Findings have expired and cannot be revived. *See* ECF No. 84, at 2-7.

Sabrina Devereaux
Christopher Eaton
Earthjustice
810 Third Ave., Suite 610
Seattle, WA 98104
T (206) 343-7340
sdevereaux@earthjustice.org
ceaton@earthjustice.org

*/s/ Brett Sommermeyer*
Brett Sommermeyer
Catherine Pruett
Law of the Wild
7511 Greenwood Avenue North, #4214
Seattle, WA 98103
T (206) 774-0048
brett@lawofthewild.org
catherine@lawofthewild.org

*Attorneys for Plaintiff Māui and Hector's Dolphin Defenders NZ Inc.*

3

**CERTIFICATE OF COMPLIANCE**

This document complies with the word count limitations as provided for in the Court's Standard Chambers Procedures 2(B) because it contains 390 words, excluding the parts of the brief exempted by Standard Chambers Procedures 2(B)(1)(c).

/s/ Natalie Barefoot
Natalie Barefoot

4