Slip Op. 26-31

## UNITED STATES COURT OF INTERNATIONAL TRADE

MĀUI AND HECTOR'S
DOLPHIN DEFENDERS NZ
INC.,

      Plaintiff,

v.

NATIONAL MARINE
FISHERIES SERVICE,
NATIONAL OCEANIC AND
ATMOSPHERIC
ADMINISTRATION FISHERIES,
UNITED STATES
DEPARTMENT OF THE
TREASURY, UNITED STATES
DEPARTMENT OF HOMELAND
SECURITY, AND UNITED
STATES DEPARTMENT OF
COMMERCE,

      Defendants,

and

NEW ZEALAND
GOVERNMENT,

      Defendant-Intervenor.

Before:  Jennifer Choe-Groves, Judge

Court No. 24-00218

## OPINION AND ORDER

[Dismissing the case without prejudice.]

Dated: April 6, 2026

Natalie N. Barefoot, Earthjustice, of San Francisco, CA, Sabrina Devereaux and Christopher D. Eaton, Earthjustice, of Seattle, WA, and Brett Sommermeyer and Catherine E. Pruett, Law of the Wild, of Seattle, WA, for Plaintiff Māui and Hector's Dolphin Defenders NZ Inc.

Brett A. Shumate, Assistant Attorney General, Patricia M. McCarthy, Director, and Agatha Koprowski, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendants National Marine Fisheries Service, National Oceanic and Atmospheric Administration Fisheries, United States Department of the Treasury, United States Department of Homeland Security, and United States Department of Commerce.  Of counsel on the brief were Mark Hodor, Counsel, Office of General Counsel, National Oceanic and Atmospheric Administration, of Silver Spring, MD, Zachary S. Simmons, Attorney, Office of the Chief Counsel, United States Customs and Border Protection, of Washington, D.C., and Daniel Paisley, Counsel, Office of the General Counsel, United States Department of the Treasury, of Washington, D.C. Sosun Bae, Senior Trial Counsel, and Joshua W. Moore, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., also appeared.

Choe-Groves, Judge:  Before the Court is a motion to dismiss for lack of subject-matter jurisdiction filed by Defendants National Marine Fisheries Service ("NMFS"), National Oceanic and Atmospheric Administration Fisheries, U.S. Department of Treasury, U.S. Department of Homeland Security, and the U.S. Department of Commerce (collectively, "Defendants").  Defs.' Resp. Opp'n Pl.'s Mot. Alter Amend J. Mot. Dismiss Pursuant R. 12(B)(1) ("Defs.' Br." or "Mot. Dismiss"), ECF No. 51.  Plaintiff Māui and Hector's Dolphin Defenders NZ Inc.

Court No. 24-00218                                              Page 3

("Plaintiff") opposed the Motion to Dismiss, Defendants filed a reply, and Plaintiff

filed a sur-reply.  Pl.'s Opp'n Defs.' Mot. Dismiss ("Pl.'s Resp. Br."), ECF No. 84;

Defs.' Reply Supp. Mot. Dismiss Pursuant Rule 12(B)(1) (Defs.' Reply Br."), ECF

86; Pl.'s Sur-Reply Partial Opp'n Defs.' Mot. Dismiss ("Pl.'s Sur-Reply"), ECF

No. 89.

For the reasons discussed below, Defendants' Motion to Dismiss is granted

in part and denied in part, and this case is dismissed without prejudice.

## BACKGROUND

On January 24, 2024, NMFS published a comparability finding that

authorized imports of fish and fish products from New Zealand's West Coast

North Island multi-species set-net and trawl fisheries.  Implementation of Fish and

Fish Product Import Provisions of the Marine Mammal Protection Act—

Notification of Issuance of Comparability Findings, 89 Fed. Reg. 4595 (Dept.

Commerce Jan. 24, 2024) ("2024 Comparability Finding").  Plaintiff filed this case

in December 2024, challenging the 2024 Comparability Finding and requesting the

Court to compel Defendants to impose an import ban on the two New Zealand

fisheries at issue.  Compl., ECF No. 4.  On August 26, 2025, this Court granted in

part judgment on the agency record in favor of Plaintiff, and held that the 2024

Comparability Finding was not in accordance with law and unsupported by

substantial record evidence.  Māui and Hector's Dolphin Defenders NZ Inc. v.

Court No. 24-00218                                                    Page 4

Nat'l Marine Fisheries Serv., 49 CIT __, 799 F. Supp. 3d 1327 (2025).  The Court

remanded the 2024 Comparability Finding for reconsideration and further

explanation, but did not order an import ban.  Māui and Hector's Dolphin

Defenders NZ Inc., 49 CIT at __, 799 F. Supp. 3d at 1348–50.

On September 2, 2025, Defendants published a comparability finding for

approximately 2,500 fisheries from 135 nations, as obligated by a settlement

deadline in a separate litigation.  Implementation of Fish and Fish Product Import

Provisions of the Marine Mammal Protection Act—Notification of Comparability

Findings and Implementation of Import Restrictions; Certification of Admissibility

for Certain Fish Products, 90 Fed. Reg. 42,395 (Dept. Commerce Sept. 2, 2025)

("2025 Comparability Finding"); Stip. Order Dismissal (Mar. 25, 2025), Court No.

24-00148, ECF No. 39.  The 2025 Comparability Finding covered all New Zealand

fisheries, including the two fisheries at issue in this case.  In September 2025,

Plaintiff filed a motion to alter or amend the judgment in this case and Defendants

responded by filing a Motion to Dismiss in November 2025.  See Defs.' Br.; Pl.'s

Mot. Alter Amend J., ECF No. 43.

After the 2024 Comparability Finding expired on January 1, 2026, Plaintiff

filed a new case against Defendants that challenged the 2025 Comparability

Finding.  Compl., Court No. 26-00060, ECF No. 4.  Plaintiff also filed a motion for

voluntary dismissal of this case, arguing that it is in the interest of judicial

economy to proceed only with its new case that challenged the 2025 Comparability Finding. See Pl.'s Mot. Voluntarily Dismiss Without Prejudice, ECF. No. 72. This Court held several status conferences with the Parties to address how to proceed in this case and Court No. 26-00060, and then ordered a stay of all deadlines in this case, pending the resolution of Defendants' Motion to Dismiss. Order (Feb. 20, 2026), ECF No. 81; see also Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc., 479 F.3d 1330, 1341–42 (Fed. Cir. 2007) (holding that a district court erred by granting a motion for voluntary dismissal before determining whether it had subject matter jurisdiction because the court could not properly engage in the balancing process or required exercise of discretion without jurisdiction).

On March 11, 2026, Defendants filed new comparability findings for the New Zealand fisheries at issue in Court No. 26-00060, and Plaintiff voluntarily dismissed that case. See Order (Mar. 18, 2026), Court No. 26-00060, ECF No. 55; Implementation of Fish and Fish Product Import Provisions of the Marine Mammal Protection Act—Notification of Comparability Findings, 91 Fed. Reg. 11,962 (Dept. Commerce Mar. 11, 2026) ("2026 Comparability Finding").

## LEGAL STANDARD

Article III of the Constitution limits federal courts to hearing actual, ongoing controversies. Davis v. Fed. Election Comm'n, 554 U.S. 724, 732 (2008). An

Court No. 24-00218                                                           Page 6

actual case or controversy must be extant at all stages of review, not merely at the

time the complaint is filed.  Id. at 732–33; see DaimlerChrysler Corp. v. United

States, 442 F.3d 1313, 1318 (Fed. Cir. 2006) (noting that the Court is "presumed to

be 'without jurisdiction' unless 'the contrary appears affirmatively from the

record.'").  "Though justiciability has no precise definition or scope, doctrines of

standing, mootness, ripeness, and political question are within its ambit."  Fisher v.

United States, 402 F.3d 1167, 1176 (Fed. Cir. 2005).

The party invoking jurisdiction bears the burden of establishing it.

Hutchinson Quality Furniture Inc. v. United States, 827 F.3d 1355, 1359 (Fed. Cir.

2016).  A plaintiff must allege sufficient facts to state each claim alleged in the

complaint.  DaimlerChrysler Corp., 442 F.3d at 1318 (citing, among other cases,

McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936));

USCIT R. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action.").

Article III standing is a necessary component of the Court's subject matter

jurisdiction.  Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992).  The

"irreducible constitutional minimum of standing contains three elements."  Id.  A

party must demonstrate: (1) that it has suffered "an injury in fact," that is "an

invasion of a legally protected interest which is (a) concrete and particularized,"

and "(b) actual or imminent, not conjectural or hypothetical;" (2) a "causal

connection between the injury and the conduct complained of;" and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. at 560– 61 (internal quotations and citations omitted). "[A]t the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element" to establish standing. Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (quoting Warth v. Seldin, 422 U.S. 490, 518 (1975)).

A case becomes moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980). "Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions[.]'" North Carolina v. Rice, 404 U.S. 244, 246 (1971) (quoting United States v. Alaska S.S. Co., 253 U.S. 113, 116 (1920)). "The party arguing that a case has become moot 'bears the burden of coming forward with the subsequent events that have produced that alleged result.'" Mitchco Int'l., Inc. v. United States, 26 F.4th 1373, 1378 (Fed. Cir. 2022) (quoting Hyosung TNS Inc. v. Int'l Trade Comm'n, 926 F.3d 1353, 1357 (Fed. Cir. 2019)). "'[E]ven the availability of a partial remedy is sufficient to prevent [a] case from being moot.'" Chafin v. Chafin, 568 U.S. 165, 177 (2013) (second alteration in original) (quoting Calderon v. Moore, 518 U.S. 149, 150 (1996) (per curiam)).

Court No. 24-00218                                                                 Page 8

## DISCUSSION

Defendants request dismissal of this case pursuant to Rules 12(b)(1) and 12(h)(3) of the Rules of the Court.  Defs.' Br.; Defs.' Reply Br.  Defendants argue that Plaintiff does not have standing to pursue its claims because it cannot establish causation and redressability.  Defs.' Br. at 1, 6; Defs.' Reply Br. at 1–16. Defendants contend that even if the alleged injury could be addressed by this Court, the 2025 Comparability Finding superseded and replaced the 2024 Comparability Finding, rendering this challenge moot.  Defs.' Br. at 15–18; Defs.' Reply Br. at 16–19.

Defendants argue that Plaintiff's claims became moot on September 2, 2025, when the 2025 Comparability Finding was published.  Defs.' Br. at 15; Defs.' Reply Br. at 18–19.  Defendants aver that the 2025 Comparability Finding revised and superseded the 2024 Comparability Finding.  Defs.' Br. at 15; Defs.' Reply Br. at 18–19.  Defendants contend that the 2025 Comparability Finding was based on a separate agency action, and Plaintiff must file a new case challenging the 2025 Comparability Finding because this Court cannot adjudicate a challenge to a final agency action based on an administrative record compiled for a separate agency action related to the 2024 Comparability Finding.  Defs.' Br. at 16.

Plaintiff argues that if its claims are moot, then that did not occur when the 2025 Comparability Finding was published on September 2, 2025, but several

Court No. 24-00218                                                                                        Page 9

months later when the 2024 Comparability Finding expired and the 2025

Comparability Finding began to authorize imports.  Pl.'s Resp. Br. at 9–10.

Plaintiff reserved the possibility that an exception to the mootness doctrine could

apply or that it could maintain a concrete interest in the outcome of the litigation to

avoid future limitations on its ability to litigate.  Id. at 11–12.  Later, Plaintiff

acknowledged Defendants' publication of the 2026 Comparability Finding, and the

lack of any argument in Defendants' reply brief suggesting that dismissal would

have a future, prejudicial effect on Plaintiff.  Pl.'s Sur-Reply Br. at 1–2.  Because

"dismissal of this case without prejudice on mootness grounds would not have any

collateral consequences" or limit Plaintiff's future litigation abilities, Plaintiff

agrees with Defendants that this case is moot and should be dismissed without

prejudice.  Id.

By the terms of the agreements, the 2024 Comparability Finding remained in

effect until December 31, 2025, and the 2025 Comparability Finding took effect on

January 1, 2026.  89 Fed. Reg. at 4595 ("These comparability findings are valid

from February 21, 2024, through December 31, 2025[.]"); 90 Fed. Reg. at 42,395–

96 ("Comparability findings announced in this notice and compliance with the

import restrictions and Certification of Admissibility requirements described in this

notice are required beginning January 1, 2026, and will remain in effect until

December 31, 2029[.]").  Defendants aver that the 2025 Comparability Finding

Court No. 24-00218                                                    Page 10

took effect upon publication because the proper reading of the notice is that

"Comparability findings" is the subject of the second verbal phrase "will remain in

effect," rather than the first verbal phrase "are required."  Defs.' Reply Br. at 18–

19.  Although the phrase "Comparability findings . . . are required," may be

awkward phrasing, the full statement makes clear that compliance with the import

restrictions and requirements contained in the 2025 Comparability Finding was

required beginning January 1, 2026, which suggests that the 2025 Comparability

Finding did not begin to authorize imports when it was published on September 2,

2025.  90 Fed. Reg. at 42,395–96.  The Court agrees with Plaintiff that when

Defendants filed their Motion to Dismiss in November 2025, the issues of this case

were still live.  See United States Parole Comm'n, 445 U.S. at 396.

It is now clear to the Court that this case is moot.  Plaintiff advances no

exception to the mootness doctrine, nor does the Court find any basis to conclude

that an exception applies.  Plaintiff concedes mootness, requesting only that the

dismissal be made without prejudice.  See Pl.'s Sur-Reply Br.

Dismissals based on jurisdictional issues, such as standing or mootness, are

often without prejudice, and the Court will not depart from that well-established

principle.  See e.g., Shinnecock Indian Nation v. United States, 782 F.3d 1345,

1350 (Fed. Cir. 2015) (asserting that if a claim is moot or unripe, it should

generally be dismissed without prejudice); University of Pittsburgh v. Varian

Medical Sys., Inc., 569 F.3d 1328, 1332 (Fed. Cir. 2009) (positing that a dismissal

for lack of jurisdiction is not an adjudication on the merits, indicating that

dismissal without prejudice is appropriate); Engage Learning, Inc. v. Salazar, 660

F.3d 1346, 1355 (Fed. Cir. 2011) ("[A] dismissal on the merits usually carries *res*

*judicata* effect whereas a dismissal for lack of jurisdiction typically does not.")

(alteration omitted); see also Brereton v. Bountiful City Corp., 434 F.3d 1213,

1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without

prejudice because the court, having determined that it lacks jurisdiction over the

action, is *incapable* of reaching a disposition on the merits of the underlying

claims.") (emphasis in original); Kasap v. Folger Nolan Fleming & Douglas, Inc.,

166 F.3d 1243, 1248 (D.C.Cir.1999) (modifying a dismissal to be without

prejudice because "dismissals for lack of jurisdiction are not decisions on the

merits and therefore have no *res judicata* effect on subsequent attempts to bring

suit in a court of competent jurisdiction"); Korvettes, Inc. v. Brous, 617 F.2d 1021,

1024 (3d Cir.1980) ("A dismissal for lack of jurisdiction is plainly not a

determination of the merits of a claim.  Ordinarily, such a dismissal is 'without

prejudice.'").

Therefore, in light of the expiration of the 2024 Comparability Finding and

the positions of the Parties, the Court concludes that this case is moot and shall be

dismissed without prejudice.  Having resolved the issue of mootness, the Court

Court No. 24-00218                                                                Page 12

need not examine standing or decide whether Plaintiff's case is otherwise free of

jurisdictional defects.

## CONCLUSION

Upon consideration of Defendants' Motion to Dismiss, ECF No. 51, and all

other papers and proceedings in this action, it is hereby

**ORDERED** that Defendants' Motion to Dismiss, ECF No. 51, is granted in

part and denied in part; and it is further

**ORDERED** that this case is dismissed without prejudice.

Judgment will be issued accordingly.

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Date:     April 6, 2026
New York, New York